UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HERMAN CARLEE MCMILLIAN,

                         Plaintiff,

         v.                                                      9:16-CV-0277
                                                                 (MAD/DJS)

CORRECTIONAL OFFICER DAVID
WALTERS,

                         Defendant.

_____

APPEARANCES:

HERMAN CARLEE MCMILLIAN
Plaintiff, pro se
90-T-5238
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Herman McMillian commenced this civil rights action pursuant to 42 U.S.C. §

1983.  Dkt. No. 2 ("Compl.").  Presently before the Court is plaintiff's motion for injunctive

relief.  Dkt. No. 9; *see also* Dkt. Nos. 10 and 14 (submissions in support).

### II.   BACKGROUND

In February 2016, plaintiff commenced this action seeking relief for the alleged

violation of his constitutional rights during his confinement at Auburn Correctional Facility

("Auburn C.F.").  *See* Compl. at 2.  Upon review of the complaint in accordance with 28

U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte

review: (1) Eighth Amendment excessive force claims against defendant Daniel Walters

("Walters'"); and (2) retaliation claims against Walters.  Dkt. No. 16 at 12-14.  Specifically,

plaintiff alleged that Walters used excessive force during an incident in plaintiff's cell on

January 28, 2016.  *See* Compl. at 4, 5.  Plaintiff also claimed that Walters was motivated to

attack him because plaintiff filed a lawsuit against Walters.  *See* Compl. at 4.

In the motion for injunctive relief, plaintiff claims that Walters "throws water in the cell,"

refuses to deliver plaintiff's legal papers, and reads plaintiff's legal mail.  Dkt. No. 9 at 1; Dkt.

No. 10 at 1; Dkt. No. 14.

## III.   ANALYSIS

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion."

*Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard a court must utilize in

considering whether to grant a request for injunctive relief is well-settled in this Circuit.

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35,

38 (2d Cir. 2010).  To prevail on a motion for preliminary injunctive relief, a plaintiff must

demonstrate irreparable harm and either a substantial likelihood of success on the merits of

the claim, or sufficiently serious questions going to the merits and a balance of hardships

tipping decidedly in his favor.  *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d

Cir. 2011).  However, when the moving party seeks a "mandatory injunction that alters the

status quo by commanding a positive act," the burden is even higher.  *Id.*; *see also Jolly v.

Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should

issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. July 31, 2008).  The district court has wide discretion in determining whether to grant a preliminary injunction.  *Moore*, 409 F.3d at 511.

Construing plaintiff's motion in the light most favorable to him as a pro se plaintiff, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Hancock v. Essential Res., Inc.,* No. 91-Civ-0213, 792 F.Supp. 924, 928 (S.D.N.Y. Apr. 28, 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").  Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm.  *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983).  Plaintiff's fear that he may suffer future harm is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted.  *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury).

Plaintiff's motion for injunctive relief also refers to his legal mail and property.  Dkt. Nos. 9, 10 and 14.  However, plaintiff has not submitted any documentation, exhibits, affidavits or other evidence suggesting that defendant is reading or otherwise interfering with his legal mail.  Moreover, plaintiff has failed to come forward with any proof suggesting that his claims concerning his legal mail are related to his underlying action.  Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied.  *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (holding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied in its entirety.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED**.

Dated: June 16, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge