UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE MCMILLIAN,

                                        Plaintiff,

              v.                                              9:16-CV-0277
                                                             (MAD/DEP)

DANIEL WALTERS,

                                        Defendant.

_____

APPEARANCES:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Pro se plaintiff Herman Carlee McMillian commenced this civil rights action in the

United States District Court for the Eastern District of New York ("Eastern District") asserting

claims arising out of his confinement in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"). *See* Compl., *generally*. In March 2016,

the Court transferred this matter to the Northern District of New York ("Northern District").

Dkt. No. 5. Presently before the Court are plaintiff's second, third, and fourth motions for

injunctive relief. Dkt. Nos. 30, 32, and 34.

## II.    BACKGROUND

In February 2016, plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Auburn Correctional Facility ("Auburn C.F.").  *See* Compl. at 2.  Specifically, plaintiff alleged that defendant Correctional Officer Daniel Walters ("Walters") used excessive force during an incident in plaintiff's cell on January 28, 2016.  *See id.* at 4, 5.  Plaintiff also claimed that Walters was motivated to attack him because plaintiff filed a lawsuit against Walters.  *See id.* at 4.  Upon review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review: (1) Eighth Amendment excessive force claims against Walters; and (2) retaliation claims against Walters.  Dkt. No. 16 at 12-14.  The Court also dismissed plaintiff's claims against defendant Superintendent Harold Graham ("Graham"), without prejudice, for failure to state a claim.[1]  *See id.* at 11.

On March 23, 2016, plaintiff filed a motion for preliminary injunctive relief claiming that Walters threw water in his cell, refused to deliver legal papers, and read plaintiff's legal mail. Dkt. No. 9; *see also* Dkt. Nos. 10 and 14 (submission in support).  By Decision and Order filed on June 16, 2016 (the "June Order"), the Court denied plaintiff's motion.  Dkt. No. 21.

In the renewed motions for injunctive relief, plaintiff claims that on September 13, 2016, as he was returning from breakfast, unidentified officers at Auburn C.F. harassed him, called him a "rapist," and referred to plaintiff as a "child molester."  *See* Dkt. No. 30 at 1. Plaintiff also contends that on October 3, 2016 and October 11, 2016, Walters circulated material about plaintiff's criminal case resulting in additional harassment by "guards."  *See*

---

[1]    Plaintiff did not file an amended complaint.

2

Dkt. No. 34 at 1.  Plaintiff alleges that officers are harassing him, at Graham's behest, in retaliation for plaintiff filing a habeas corpus petition.  *See* Dkt. No. 30 at 1-2; Dkt. No. 34 at 2, 6.  Plaintiff claims that he is suffering "irreparable harm" due to the harassment and refuses to attend lunch because he cannot "eat in peace."  *See* Dkt. No. 30 at 2; Dkt. No. 34 at 2. Defendant opposes plaintiff's motions arguing that plaintiff seeks relief against non parties and his alleged harm is speculative.  Dkt. Nos. 31, 33, and 35.  Defendant also contends that plaintiff's claims are unrelated to his underlying causes of action.  *See id.*

## III.    DISCUSSION

The law related to preliminary injunctions was discussed in the June Order and will not be restated herein.  *See* Dkt. No. 21 at 2-4.  In his most recent submissions, plaintiff seeks an order restraining the "officers" from harassing him. *See* Dkt. No. 34 at 14.  The injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

To the extent that plaintiff seeks injunctive relief against Graham and "unidentified officers", who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.[2]  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *U.S. v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

---

[2]    As discussed *supra*, Graham is not a defendant in this action.  See Dkt. No. 21.

3

With respect to plaintiff's claims against Walters, plaintiff's current motion suffers from the same infirmities as his prior motion. In the June Order, the Court denied plaintiff's request for injunctive relief against Walters holding:

> Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff's fear that he may suffer future harm is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury).

Dkt. No. 21 at 3.

Here, plaintiff claims that on October 3, 2016 and October 11, 2016, Walters "circulated" information related to plaintiff's criminal case causing unidentified officers to harass plaintiff. *See* Dkt. No. 34 at 1. As discussed in the June Order, plaintiff cannot rely upon past harassment and the fear that he may suffer future harm to establish "irreparable harm." Further, it is noted that the relief requested by plaintiff amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Div. of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According to the Second Circuit,

"[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 51 (2d Cir. 1996)).

Upon review, the Court finds that plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons, plaintiff's second, third and fourth motions for preliminary injunctive relief are denied in their entirety.[3]

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions for injunctive relief (Dkt. Nos. 30, 32 and 34) are **DENIED;** and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: December 30, 2016
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3]      Plaintiff is advised that concerns regarding his current conditions of confinement at Auburn C.F. should be addressed through administrative channels at Auburn C.F., and the New York State Department of Corrections and Community Supervision.