UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

     v.                                                         9:16-CV-0277
                                                               (MAD/DEP)

DANIEL WALTERS,

                Defendant.
_____

APPEARANCES:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN         MICHAEL G. McCARTIN, ESQ.
New York Attorney General              Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Herman Carlee McMillian commenced this civil rights action in the United States District Court for the Eastern District of New York ("Eastern District") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Compl., *generally*. In March 2016,

the Court transferred this matter to the Northern District of New York ("Northern District"). Dkt. No. 5. Presently before the Court is plaintiff's fifth motion for injunctive relief. Dkt. Nos. 50 and 51 (submission in support).

## II.   BACKGROUND

In February 2016, plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Auburn Correctional Facility ("Auburn C.F."). *See* Compl. at 2. Specifically, plaintiff alleged that defendant Correctional Officer Daniel Walters ("Walters") used excessive force during an incident in plaintiff's cell on January 28, 2016. *See id.* at 4, 5. Plaintiff also claimed that Walters was motivated to attack him because plaintiff filed a lawsuit against Walters. *See id.* at 4. Upon review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review: (1) Eighth Amendment excessive force claims against Walters; and (2) retaliation claims against Walters. Dkt. No. 16 at 12-14.

On March 23, 2016, plaintiff filed a motion for preliminary injunctive relief claiming that Walters threw water in his cell, refused to deliver legal papers, and read plaintiff's legal mail. Dkt. No. 9; *see also* Dkt. Nos. 10 and 14 (submission in support). By Decision and Order filed on June 16, 2016 (the "June Order"), the Court denied plaintiff's motion. Dkt. No. 21.

In October and November 2016, plaintiff filed motions for preliminary injunctive relief and claimed that on September 13, 2016, as he was returning from breakfast, unidentified officers at Auburn C.F. harassed him, called him a "rapist," and referred to plaintiff as a "child molester." *See* Dkt. No. 30 at 1. Plaintiff also alleged that on October 3, 2016 and October 11, 2016, Walters circulated material about plaintiff's criminal case resulting in additional harassment by "guards." *See* Dkt. No. 34 at 1. Plaintiff claimed that officers were harassing

2

him, at Graham's behest, in retaliation for plaintiff filing a habeas corpus petition.  *See* Dkt. No. 30 at 1-2; Dkt. No. 34 at 2, 6.  Plaintiff argued that he suffered "irreparable harm" due to the harassment and refused to attend lunch because he could not "eat in peace."  *See* Dkt. No. 30 at 2; Dkt. No. 34 at 2.  By Decision and Order filed on December 30, 2016 (the "December Order"), the Court denied plaintiff's motions.  Dkt. No. 36.

In his most recent motion for injunctive relief, plaintiff claims that defendant and Officer Michael Ramsey ("Ramsey") confiscated his legal work from his cell in 2014, 2015, and 2016.  Dkt. No. 50 at 1, 3; Dkt. No. 51 at 1.  Plaintiff seeks an order directing defendant to return his legal material.  Dkt. No. 51 at 2.  Plaintiff also reiterates his claims related to verbal harassment by defendant and Ramsey and renews his request for an order restraining such conduct.  Dkt. No. 50 at 12; Dkt. No. 51 at 6.  Defendant opposes plaintiff's motion.  Dkt. No. 55.

## III. DISCUSSION

The law related to preliminary injunctions was discussed in the June Order and will not be restated herein.  *See* Dkt. No. 21 at 2-4.  In his most recent submissions, plaintiff seeks an order compelling defendant to return his legal materials and renews his request for an order restraining the "officers" from harassing him. *See* Dkt. Nos. 50 and 51.  The injunctions sought are mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

### A. Claims Against Ramsey

To the extent that plaintiff seeks injunctive relief against Ramsey, an individual who is not a defendant in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's*

3

*Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *U.S. v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

**B.    Claims Related to Verbal Harassment**

In the June Order, the Court denied plaintiff's request for injunctive relief against Walters holding:

> Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff's fear that he may suffer future harm is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury).

Dkt. No. 21 at 3.

In the December Order, the Court denied plaintiff's request for injunctive relief holding:

> Here, plaintiff claims that on October 3, 2016 and October 11, 2016, Walters "circulated" information related to plaintiff's criminal case causing unidentified officers to harass plaintiff. *See* Dkt. No. 34 at 1. As discussed in the June Order, plaintiff cannot rely upon past harassment and the fear that he may suffer future harm to establish "irreparable harm." Further, it is noted that the relief requested by plaintiff amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Div. of*

4

> *Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at
> *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian
> Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According
> to the Second Circuit, "[u]nder Rule 65(d), an injunction must
> be more specific than a simple command that the defendant
> obey the law." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241
> F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd.
> v. Segal,* 89 F.3d 41, 51 (2d Cir. 1996)).

Dkt. No. 36 at 4-5.

With respect to plaintiff's renewed request for an order restraining Walters from harassing him, plaintiff's current motion suffers from the same infirmities as his prior motions. Accordingly, for the reasons set forth in the June Order and December Order, plaintiff's motion for injunctive relief, on this claim, is denied.

## C.  Claims Related to Legal Work

Plaintiff previously moved for injunctive relief related to his legal property. Dkt. Nos. 9, 10, 14. In the June Order, the Court denied plaintiff's request holding:

> . . . plaintiff has not submitted any documentation, exhibits, affidavits or other evidence suggesting that defendant is reading or otherwise interfering with his legal mail. Moreover, plaintiff has failed to come forward with any proof suggesting that his claims concerning his legal mail are related to his underlying action. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. See Mitchell v. New York State Dep't of Corr. Srvs., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (holding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Dkt. No. 21 at 4.

Here, plaintiff's request does not remedy the deficiencies in his prior motions for similar relief. Plaintiff failed to provide any facts to plausibly suggest that his request for the return of

5

his legal materials is related to his claims in this action. Indeed, to the extent that plaintiff claims that Walters confiscated his legal material in 2014 and 2015, these allegations are wholly unrelated to the underlying cause of action which arose from alleged constitutional violations that occurred in 2016. *See* Dkt. No. 50 at 3. Moreover, plaintiff provides only vague allegations related to his legal materials and fails to include specific facts including dates and the legal material allegedly confiscated.

For the foregoing reasons, plaintiff's fifth motion for preliminary injunctive relief is denied in its entirety.[1]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 50) is **DENIED;** and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: June 22, 2017
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff is advised that concerns regarding his current conditions of confinement at Auburn C.F. should be addressed through administrative channels at Auburn C.F., and the New York State Department of Corrections and Community Supervision.