UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

     v.                                                                 9:16-CV-0277
                                                                         (MAD/DEP)

DANIEL WALTERS,

                Defendant.
_____

APPEARANCES:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN         MICHAEL G. McCARTIN, ESQ.
New York Attorney General              Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Herman Carlee McMillian commenced this civil rights action in the

United States District Court for the Eastern District of New York ("Eastern District") asserting

claims arising out of his confinement in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"). *See* Compl., *generally*. In March 2016,

the Court transferred this matter to the Northern District of New York ("Northern District"). Dkt. No. 5. Presently before the Court are six motions, filed by Plaintiff, for injunctive relief.[1] Dkt. Nos. 59, 61, 63, 65, 67, and 68. Defendant opposes the motions. Dkt. Nos. 60, 62, 64, 66, and 70.

## II.   BACKGROUND

In February 2016, Plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Auburn Correctional Facility ("Auburn C.F."). *See* Compl. at 2. Specifically, Plaintiff alleged that defendant Correctional Officer Daniel Walters ("Walters") used excessive force during an incident in plaintiff's cell on January 28, 2016. *See id.* at 4, 5. Plaintiff also claimed that Walters was motivated to attack him because Plaintiff filed a lawsuit against Walters. *See id.* at 4. Upon review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review: (1) Eighth Amendment excessive force claims against Walters; and (2) retaliation claims against Walters. Dkt. No. 16 at 12-14.

On March 23, 2016, Plaintiff filed a motion for preliminary injunctive relief claiming that Walters threw water in his cell, refused to deliver legal papers, and read Plaintiff's legal mail. Dkt. No. 9; *see also* Dkt. Nos. 10 and 14 (submission in support). By Decision and Order filed on June 16, 2016 (the "June 2016 Order"), the Court denied Plaintiff's motion. Dkt. No. 21.

In October and November 2016, Plaintiff filed three motions for preliminary injunctive relief. Plaintiff claimed that on September 13, 2016, as he was returning from breakfast,

---

[1] In total, Plaintiff has filed eleven requests for injunctive relief in this action. *See* Docket Report.

unidentified officers at Auburn C.F. harassed him, called him a "rapist," and referred to Plaintiff as a "child molester." *See* Dkt. No. 30 at 1. Plaintiff also alleged that on October 3, 2016 and October 11, 2016, Walters circulated material about Plaintiff's criminal case resulting in additional harassment by "guards." *See* Dkt. No. 34 at 1. By Decision and Order filed on December 30, 2016 (the "December 2016 Order"), the Court denied plaintiff's motions. Dkt. No. 36.

In April 2017, Plaintiff filed a fifth motion for injunctive relief claiming that Walters and Officer Michael Ramsey ("Ramsey") confiscated his legal work from his cell in 2014, 2015, and 2016. Dkt. No. 50 at 1, 3; Dkt. No. 51 at 1. Plaintiff sought an order directing Walters to return his legal material. Dkt. No. 51 at 2. Plaintiff also reiterated his claims related to verbal harassment by Walters and Ramsey and renewed his request for an order restraining such conduct. Dkt. No. 50 at 12; Dkt. No. 51 at 6. By Decision and Order filed on June 22, 2017 (the "June 2017 Order"), the Court denied Plaintiff's motion. Dkt. No. 58.

From June 2017 through August 22, 2017, Plaintiff filed six motions for injunctive relief. Dkt. Nos. 59, 61, 63, 65, 67, and 68.

## III. DISCUSSION

The law related to preliminary injunctions was discussed in the June 2016 Order and will not be restated herein. *See* Dkt. No. 21 at 2-4. In his most recent submissions, Plaintiff informs the Court that Walters has been "removed" from Auburn Correctional Facility ("Auburn C.F."), and seeks an order compelling Walters to return his legal materials, surgical records, and legal dictionary. *See* Dkt. Nos. 59 at 2-4, 6, 8; 61 at 4-5; 63 at 4-5; 65; 67 and 68. Plaintiff also states that while Ramsay was "gone" for ninety days, he returned to Auburn C.F. in March 2017 and continues to harass Plaintiff. *See* Dkt. Nos. 63, 65. Plaintiff claims

3

that Ramsay incites other inmates to verbally abuse and threaten Plaintiff. *See* Dkt. Nos. 59 at 6, 7, 10, 11; 63 at 6; 65 at 2; and 67 at 12. Plaintiff renews his request for an order restraining Ramsay from such conduct. *See* Dkt. Nos. 58, 61, 63, 65, 67 and 69, *generally*. The injunctions sought are mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

**A.     Claims Against Ramsey**

In the June 2017 Order, the Court discussed Plaintiff's claims for relief related to Ramsay:

> To the extent that plaintiff seeks injunctive relief against Ramsey, an individual who is not a defendant in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *U.S. v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Dkt. No. 58 at 3-4.

For the reasons set forth in the June 2017 Order, Plaintiff's requests for injunctive relief against Ramsay are denied.

**B.     Claims Related to Verbal Harassment**

In the June 2016 Order, the Court denied Plaintiff's request for injunctive relief related to harassment holding:

> Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

4

> Plaintiff's fear that he may suffer future harm is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury).

Dkt. No. 21 at 3.

In the June 2017 Order, the Court held:

> With respect to plaintiff's renewed request for an order restraining Walters from harassing him, plaintiff's current motion suffers from the same infirmities as his prior motions. Accordingly, for the reasons set forth in the June Order and December Order, plaintiff's motion for injunctive relief, on this claim, is denied.

Dkt. No. 58 at 4-5.

Even assuming the Court could impose injunctive relief against Ramsay, Plaintiff's requests are nonetheless subject to denial. With respect to Plaintiff's renewed request for an order restraining Ramsay and other inmates from harassing him, Plaintiff's current motions suffer from the same infirmities as his prior motions. Accordingly, for the reasons set forth in the June 2016 Order, December Order, and June 2017 Order, Plaintiff's motions for injunctive relief, on this claim, are denied.

## C. Claims Related to Legal Work

Plaintiff previously moved for injunctive relief related to his legal property. Dkt. Nos. 9, 10, 14. In the June 2016 Order, the Court denied Plaintiff's request holding:

> . . . plaintiff has not submitted any documentation, exhibits, affidavits or other evidence suggesting that defendant is reading or otherwise interfering with his legal mail. Moreover, plaintiff has failed to come forward with any proof suggesting that his claims concerning his legal mail are related to his underlying action. Thus, plaintiff cannot establish a likelihood of

> success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (holding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Dkt. No. 21 at 4.

In the June 2017 Order, the Court held:

> . . . plaintiff's request does not remedy the deficiencies in his prior motions for similar relief. Plaintiff failed to provide any facts to plausibly suggest that his request for the return of his legal materials is related to his claims in this action. Indeed, to the extent that plaintiff claims that Walters confiscated his legal material in 2014 and 2015, these allegations are wholly unrelated to the underlying cause of action which arose from alleged constitutional violations that occurred in 2016. *See* Dkt. No. 50 at 3. Moreover, plaintiff provides only vague allegations related to his legal materials and fails to include specific facts including dates and the legal material allegedly confiscated.

Dkt. No. 58 at 5-6.

The allegations in Plaintiff's current submissions do not correct the deficiencies in his prior motions. For the reasons set forth in the June 2016 and June 2017 Orders, Plaintiff's motions for injunctive relief, on this claim, are denied.

## D. Claims Related to Surgical Records

Plaintiff claims that Walters and Ramsey confiscated his medical records related to his hernia surgery in 2003. Dkt. No. 61 at 1, 5. Plaintiff alleges that these records support his lawsuit against Doctor Jay Vickers Dewell ("Dewell") and Alice Hyde Medical Center. *See id.*

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the

6

complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). Even if the court could provide relief requested, the issues underlying Plaintiff's request for injunctive relief are unrelated to the defendant and the claims in this action. The issues surrounding Plaintiff's medical records and his previous lawsuits against medical staff are wholly unrelated to Plaintiff's underlying claims against Walters.[2] *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Upon review, Plaintiff's motion must be denied because Plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to

---

[2] A review of plaintiff's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that Plaintiff filed seven lawsuits against Dewell. All of the actions are closed.

demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction"); *Hancock*, 792 F.Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals."). For the foregoing reasons, Plaintiff's sixth, seventh, eighth, ninth, tenth, and eleventh motions for preliminary injunctive relief are denied in their entirety.[3]

## IV.     Possibility of Future Bar Order

As discussed *supra*, Plaintiff has filed repeated motions for injunctive relief seeking the same relief. A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a pro se plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers*, 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16,

---

[3]     Plaintiff is advised that concerns regarding his current conditions of confinement at Auburn C.F. should be addressed through administrative channels at Auburn C.F., and the New York State Department of Corrections and Community Supervision.

2008) (McCurn, J.). "[L]itigious affinity alone does not support the grant of an injunction, for 'access to the Courts is one of the cherished freedoms of our system of government.' " *Carlin v. Gold Hawk Joint Venture*, 778 F. Supp. 686, 694 (S.D.N.Y. 1991) (citations omitted).

The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

Based upon a review of the previous filings in this action, the Court finds that Plaintiff's persistence in filing frivolous and procedurally deficient motions for injunctive relief may result in the imposition of sanctions, including limitations on his ability to file without prior permission of the Court.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motions for injunctive relief (Dkt. No. 59, 61, 63, 65, 67, and 68) are **DENIED;** and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: September 8, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge