**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HERMAN CARLEE MCMILLIAN,

                                        Plaintiff,

                - v -                                                    Civ. No. 9:16-CV-0277
                                                                              (MAD/DJS)
DANIEL WALTERS, *Correctional Officer*,

                                        Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

HERMAN CARLEE MCMILLIAN
Plaintiff, *Pro Se*
90-T-5238
Auburn Correctional Facility
P.O. Box 618
Auburn, New York

HON. ERIC T. SCHNEIDERMAN                     MICHAEL G. MCCARTIN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224


**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff Herman Carlee McMillian commenced this action, pursuant to 42 U.S.C. §

1983, asserting claims for violations of his constitutional rights that allegedly occurred while he was

incarcerated at Auburn Correctional Facility ("Auburn") in the custody of the Department of

Corrections and Community Supervision ("DOCCS"). Dkt. No. 2, Compl. Following an initial

review by the Honorable Mae A. D'Agostino, United States District Judge, conducted pursuant to

28 U.S.C. §§ 1915(e) and 1915A, the only claims that remain in this action are an Eighth

Amendment excessive force and First Amendment retaliation claim against Defendant Daniel Walters. Dkt. No. 16, Dec. & Order, dated June 1, 2016. Presently before the Court is Defendant's Motion for Summary Judgment, which seeks dismissal of Plaintiff's remaining claims on the ground that Plaintiff has failed to exhaust his administrative remedies. Dkt. No. 44, Def.'s Mot. Summ. J. Plaintiff has filed a Response, Dkt. No. 47, Pl.'s Resp., and Defendant has filed a Reply, Dkt. No. 48, Def.'s Reply. For the reasons that follow, the Court recommends that Defendant's Motion be **granted** and this action **dismissed**.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. EXHAUSTION

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id*. at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).[1]

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). In addition, an inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id*. at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id*. at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Cental Office Review Committee ("CORC") makes the final administrative

---

[1] Exhaustion of administrative remedies is an affirmative defense which must be raised by the defendant. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). Defendant properly raised the affirmative defense in his Answer. Dkt. No. 26 at ¶ 12.

determination. *Id*. at § 701.5(d).  Only upon exhaustion of all three levels of review may a prisoner

seek relief in federal court.  *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010)

(citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d

Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

### B.  Plaintiff's Failure to Exhaust Administrative Remedies

It is undisputed that Plaintiff did not exhaust his administrative remedies relative to the

incident alleged in the Complaint.  There is no record on file at Auburn of a grievance filed by

Plaintiff relative to the incident.  Dkt. No. 44-7, Decl. of Cheryl Parmiter, dated Mar. 2, 2017, at ¶

9; *see also* Dkt. No. 44-8, Parmiter Decl., Ex. A.  Nor is there any record that Plaintiff appealed a

grievance relative to the incident to CORC.  Dkt. No. 44-4, Decl. of Jeffery Hale, dated Feb. 23,

2017, at ¶ 12.  Furthermore, at his deposition, Plaintiff admitted that he did not file a grievance

regarding the incident alleged in this action.  Dkt. No. 44-10, Decl. of Justin L. Engel, Esq., dated

Mar. 7, 2017, Dep. of Herman Carlee McMillian, dated Jan. 6, 2017 ("Pl.'s Dep.") at p. 30.

### C.  Whether Plaintiff's Failure to Exhaust Administrative Remedies may be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if

remedies were unavailable to the inmate.  *Ross v. Blake*, 136 S. Ct. at 1858.  As the Supreme Court

recently stated, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable

ones."  *Id.*  The Court stated three potential circumstances where administrative remedies may be

unavailable: (1) where the administrative procedure technically exists but operates as a "dead end

– with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2)

where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of

use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance

process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.[2]

Plaintiff offers no excuse for his failure to exhaust his administrative remedies, and indeed, his opposition to Defendant's Motion does not address Defendant's exhaustion argument. *See* Pl.'s Resp. It is undisputed that Auburn has a grievance program, which inmates were informed of during orientation. Parmiter Decl. at ¶ 3. Plaintiff admitted that he was familiar with the DOCCS IGP and had filed grievances in the past. Pl.'s Dep. at pp. 29-30. He stated, however, that he did not file a grievance because he believed it would be futile due to the staff's bias against him on account of his criminal charge. *Id.* at p. 31. An inmate's belief that administrative remedies would be futile is not a valid excuse establishing the unavailability of such remedies. *See Harrison v. Goord*, 2009 WL 1605770, at *4 (S.D.N.Y. June 9, 2009) (stating that "[p]risoners are required to exhaust their administrative remedies 'even if they believe that administrative remedies would be ineffective or futile'"). Plaintiff has not shown that the administrative procedures operated as a "dead end," were so "opaque" that they were incapable of use, or that prison staff prevented him from filing a grievance. *Ross v. Blake*, 2016 WL 3128839, at *7-8. Accordingly, the Court recommends that Defendant's Motion be **granted**.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 44) be

---

[2] The Second Circuit previously set forth a three-part inquiry for when a failure to exhaust may be excused: "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). The Second Circuit has stated that "*Ross* largely supplants our *Hemphill* inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

**GRANTED** and this action be **DISMISSED**; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   December 18, 2017
          Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).