UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HERMAN CARLEE MCMILLIAN,

                              Plaintiff,

        v.                                              9:16-CV-0277
                                                        (MAD/DEP)

DANIEL WALTERS,

                              Defendant.

_____

APPEARANCES:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN          MICHAEL G. McCARTIN, ESQ.
New York Attorney General                Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

        Pro se Plaintiff Herman Carlee McMillian commenced this action pursuant to 42 U.S.C.

§ 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS"). *See*

Compl., *generally*. Presently before the Court are Plaintiff's motions for injunctive relief. Dkt.

Nos. 71, 73, 74, 76, 77, 78, 80, 81, 83, 85.

## II.    BACKGROUND

In February 2016, Plaintiff commenced this action seeking relief for the alleged

violation of his constitutional rights during his confinement at Auburn Correctional Facility

("Auburn C.F.").  *See* Compl. at 2.  Specifically, Plaintiff alleged that defendant Correctional

Officer Daniel Walters ("Walters") used excessive force during an incident in plaintiff's cell on

January 28, 2016.  *See id.* at 4, 5.  Plaintiff also claimed that Walters was motivated to attack

him because Plaintiff filed a lawsuit against Walters.  *See id.* at 4.  Upon review of the

Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the

following claims survived sua sponte review: (1) Eighth Amendment excessive force claims

against Walters; and (2) retaliation claims against Walters.  Dkt. No. 16 at 12-14.

On March 23, 2016, Plaintiff filed a motion for preliminary injunctive relief claiming that

Walters threw water in his cell, refused to deliver legal papers, and read Plaintiff's legal mail.

Dkt. No. 9; *see also* Dkt. Nos. 10 and 14 (submission in support).  By Decision and Order

filed on June 16, 2016 (the "June 2016 Order"), the Court denied Plaintiff's motion.  Dkt. No.

21.

In September, October, and November 2016, Plaintiff filed three motions for

preliminary injunctive relief.  Dkt. Nos. 30, 32, and 34.  Plaintiff claimed that on September

13, 2016, as he was returning from breakfast, unidentified officers at Auburn C.F. harassed

him, called him a "rapist," and referred to Plaintiff as a "child molester."  *See* Dkt. No. 30 at 1.

Plaintiff also alleged that on October 3, 2016 and October 11, 2016, Walters circulated

material about Plaintiff's criminal case resulting in additional harassment by "guards."  *See*

Dkt. No. 34 at 1.  By Decision and Order filed on December 30, 2016 (the "December 2016

Order"), the Court denied plaintiff's motions.  Dkt. No. 36.

In April 2017, Plaintiff filed a fifth motion for injunctive relief claiming that Walters and

Officer Michael Ramsey ("Ramsey") confiscated his legal work from his cell in 2014, 2015,

and 2016.  Dkt. No. 50 at 1, 3; Dkt. No. 51 at 1.  Plaintiff sought an order directing Walters to

return his legal material.  Dkt. No. 51 at 2.  Plaintiff also reiterated his claims related to verbal

harassment by Walters and Ramsey and renewed his request for an order restraining such

conduct.  Dkt. No. 50 at 12; Dkt. No. 51 at 6.  By Decision and Order filed on June 22, 2017

(the "June 2017 Order"), the Court denied Plaintiff's motion.  Dkt. No. 58.

From June 2017 through August 22, 2017, Plaintiff filed six motions for injunctive relief.

Dkt. Nos. 59, 61, 63, 65, 67, and 68.  Plaintiff sought an order compelling Walters to return

his legal materials, surgical records, and legal dictionary.  *See* Dkt. Nos. 59 at 2-4, 6, 8; 61 at

4-5; 63 at 4-5; 65; 67 and 68.  Plaintiff also renewed his request for an order restraining

Ramsay from attempting to incite other inmates to verbally abuse and threaten Plaintiff.  *See*

Dkt. Nos. 59 at 6, 7, 10, 11; 63 at 6; 65 at 2; and 67 at 12.  By Decision and Order filed on

September 8, 2017 (the "September 2017 Order"), the Court denied Plaintiff's motions.  Dkt.

No. 72.  In the September 2017 Order, the Court also addressed the possibility of a future bar

order.  The Court cautioned Plaintiff as follows:

> Based upon a review of the previous filings in this action, the
> Court finds that Plaintiff's persistence in filing frivolous and
> procedurally deficient motions for injunctive relief may result in
> the imposition of sanctions, including limitations on his ability to
> file without prior permission of the Court.

Dkt. No. 72 at 9.

From August 2017 until January 2018, Plaintiff filed additional ten motions for

3

injective relief.  Dkt. Nos. 59, 61, 63, 65, 67, and 68.

## III.   DISCUSSION

The law related to preliminary injunctions was discussed in the June 2016 Order and will not be restated herein.  *See* Dkt. No. 21 at 2-4.  Plaintiff's most recent submissions contain the same indecipherable claims related to his innocence, a request for a competency hearing/release from confinement, Fifth Amendment privileges at trial, and constitutional rights related to self-incrimination; all of which Plaintiff included in his prior motions.  *See* Dkt. No. 71 at 3-5, 8, 12-14; Dkt. No. 73 at 1, 8, Dkt. No. 74 at 1; Dkt. No. 76 at 1, 4, 11-12; Dkt. No. 77 at 1, 8-11; Dkt. No. 78 at 1, 3; Dkt. No. 80 at 1, 7-13; Dkt. No. 81 at 1, 7-14; Dkt. No. 83 at 1,5, 12-15; Dkt. No. 85 at 1, 6-14.  The Court has used its best efforts to interpret what relief, if any, Plaintiff is seeking in his most recent submissions.  Plaintiff attempts to renew his request for an Order compelling Walters to return his legal material and surgical records. *See* Dkt. No. 71 at 1-2, 6-7; Dkt. No. 73 at 1-2; Dkt. No. 74 at 1-2; Dkt. No. 77 at 2, 6; Dkt. No. 80   at 1-2;  Plaintiff also repeats his prior request for an Order restraining Ramsey from harassing him. *See* Dkt. No. 77 at 5.

Additionally, Plaintiff claims that unidentified "correctional department employees" and "the department of corrections" are refusing to provide medical attention, wash his clothes, or supply commissary sheets.  Plaintiff contends that unidentified individuals incite other inmates to attack him, and refused, on one occasion, to provide an evening meal in retaliation for filing injunctions.  Dkt. No. 73 at 4, 13; Dkt. No. 76 at 7-8, 16; Dkt. No. 80 at 14-15; Dkt. No. 81 at 6. Plaintiff also alleges that in December 2017, an unidentified correction guard nicknamed "tight shirt" referred to Plaintiff as a "child molester" over the intercom.  Dkt. No. 78 at 2,4; Dkt. No. 81 at 6.  While it is unclear exactly what Plaintiff seeks, construing his submissions

4

liberally, Plaintiff moves for an Order precluding the aforementioned acts and behavior.

Plaintiff's current motions suffer from the same infirmities as his prior motions.

Accordingly, for the reasons set forth in the June 2016 Order, December Order, and June

2017 Order, and September 2017 Order, Plaintiff's motions for injunctive relief are denied.

## IV.    Bar Order

As discussed *supra*, Plaintiff was previously advised that continued frivolous filings

may result in the imposition of sanctions, including limitations on his ability to file without prior

permission of the Court.  Dkt. No. 72.  Plaintiff began filing motions for injunctive relief in

March 2016.  Dkt. No. 9.  From September 2016 until April 2017, Plaintiff filed four additional

motions for injunctive relief.  Dkt. Nos. 30, 32, 34, and 50.  From June 2017 through August

2017, Plaintiff filed six additional motions for injunctive relief.  Dkt. Nos. 59, 61, 63, 65, 67, 68.

In an effort to manage the docket, on August 23, 2017, the Court issued the following Order:

> Plaintiff's motions for injunctive relief will be addressed in due
> course before Judge D'Agostino. Because Plaintiff has made
> repeated motions seeking the same relief from Judge
> D'Agostino (see Dkt. Nos. 59, 61, 63, 65, 67, 68), PLAINTIFF
> IS BARRED FROM MAKING ANY FURTHER SUBMISSIONS
> IN SUPPORT OF MOTIONS FOR INJUNCTIVE RELIEF OR
> UNTIL HIS PRIOR MOTIONS ARE DECIDED BY JUDGE
> D'AGOSTINO.

Dkt. No. 69.  Despite this Order, Plaintiff filed an additional motion for injunctive relief on

August 31, 2017.  Dkt. No. 71.

On November 2, 2017, after the Court had received the eighteenth motion for

injunctive relief, the Order was re-issued:

> Plaintiff's motions for injunctive relief will be addressed in due
> course before Judge D'Agostino.  Because Plaintiff has made
> repeated motions for injunctive relief (see Dkt. Nos. 71, 73, 74,
> 76, 77, 78), PLAINTIFF MAY NOT FILE ANY FURTHER

SUBMISSIONS IN SUPPORT OF MOTIONS FOR INJUNCTIVE RELIEF OR UNTIL HIS PRIOR MOTIONS ARE DECIDED.

Dkt. No. 78.   Despite this Order, Plaintiff filed four additional motions for injunctive relief. *See* Dkt. Nos. 80, 81, 83, 85.

In total, Plaintiff has filed twenty-two separate motions for injunctive relief that have been denied.  The motions are duplicative, frivolous, and vexatious.  While the Court is aware that  Plaintiff is proceeding pro se, he has extensive litigation experience.  Plaintiff's motions have presented an extreme burden on Defendant and the Court.  In light of Plaintiff's repeated refusal to comply with the Court's prior sanctions, short of an injunction, the Court and Defendants will likely be presented with continued motions.

For the reasons set forth herein and in the September 2017 Order, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff is hereby prohibited from filing any further motions for preliminary injunctive relief in this matter without prior leave of the Court.

## V.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motions for injunctive relief (Dkt. Nos. 71, 73, 74, 76, 77, 78, 80, 81, 83, 85) are **DENIED;** and it is further

**ORDERED** that Plaintiff is barred from filing any further motions for preliminary injunctive relief in this matter without first obtaining leave of the Court; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: January 18, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge