**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HERMAN CARLEE MCMILLIAN,**

                               **Plaintiff,**

   vs.                                                      9:16-cv-277
                                                                    (MAD/DJS)

**DANIEL WALTERS,** *Correctional Officer,*

                               **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**HERMAN CARLEE MCMILLIAN**
**90-T-5238**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **MICHAEL F. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff *pro se* Herman Carlee McMillian, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action against Defendant Daniel Walters ("Defendant") pursuant to 42 U.S.C. § 1983 asserting claims arising from an incident that allegedly occurred while he was incarcerated at the Auburn Correctional Facility ("Auburn"). *See generally* Dkt. No. 82.

      On March 7, 2017, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims. *See* Dkt. No. 44. Defendant argues that Plaintiff failed to exhaust all administrative remedies available to

him under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 44-2 at 8.[1] In a December 2017 Report-Recommendation and Order, Magistrate Judge Stewart recommended granting Defendant's motion for summary judgment after finding that it was uncontested that Plaintiff failed to initiate any administrative proceeding prior to filing his complaint in federal court. *See* Dkt. No. 82 at 2.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

On December 27, 2017, Plaintiff submitted objections to Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 84. The first paragraph of Plaintiff's objections addressed the issue of exhaustion. *See id.* at 1. Plaintiff argued that he was not required to file an administrative grievance because this is a civil action based upon a violation of his constitutional rights which "is not an administration violation." *Id.* at 1. The remainder of the objections dealt with the merits of Plaintiff's constitutional claims, which are irrelevant to the issues before the Court.

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*,

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

2

43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmoving party.  *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's statement of material facts; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

Moreover, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment."  *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, at *1 (S.D.N.Y. May 16, 2001)).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other

3

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life, including allegations of constitutional deprivations such as "excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *See Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to Central Office Review Committee ("CORC"), which makes the final determination within the

administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to section 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). When a plaintiff presents a claim arising "directly out of a disciplinary or administrative segregation hearing . . . (*e.g.*, a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." *Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007) (internal quotation and citations omitted); *see also Davis v. Barrett*, 576 F.3d 129, 131-32 (2d Cir. 2009).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1855 (2016). "First, an administrative remedy may be unavailable when 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123-24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).[2]

---

[2] In *Ross*, the Court rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the taking into account of "special circumstances" to

(continued...)

After *de novo* review, it is clear that Plaintiff was required to exhaust his administrative

remedies.  As a general matter, the Supreme Court in *Porter* established that even civil claims

based on constitutional deprivations still require inmates to exhaust administrative remedies.  *See*

*Porter*, 534 U.S. at 532.  Turning to the recognized exceptions to the administrative exhaustion

requirement, Plaintiff has failed to establish that any of them apply.  Plaintiff did not provide any

evidence that would suggest that the administrative procedures act as a dead end.  Although

Plaintiff stated in his deposition that the grievance process "didn't do anything" for him in the

past, Dkt. No. 44-10 at 29:22-23, a record of administrative defeats for a single prisoner is not

sufficient evidence to effectively indict the system.  Similarly, the fact that Plaintiff had initiated

the grievance procedures in the past but failed to do so here demonstrates that at least the initial

step of the process, which Plaintiff failed to engage in, was not so opaque as to be unavailable.

*See id.*; Dkt. No. 44-6 at 3.  Finally, Plaintiff has failed to provide any evidence suggesting that

the prison administrators thwarted his attempts to utilize the process.  Instead, Plaintiff admits

that he actively chose to forgo the IGRC processes because he believed the nature of the crime

underlying his incarceration would prejudice the IGRC against him.  *See* Dkt. No. 44-10 at 31:2-

17.  However, other than this statement, which merely demonstrates Plaintiff's subjective belief of

bias, Plaintiff introduced no evidence to support this belief.  As such, the Court is unable to find a

question of fact over whether the administrators were interfering with Plaintiff's access to

---

[2](...continued)

justify a prisoner's failure to comply with administrative procedural requirements.  *See Ross*, 136
S. Ct. at 1856-57.  Rather, it held that the only limit to the PLRA's exhaustion requirement "is the
one baked into its text: An inmate need exhaust only such administrative remedies as are
'available.'"  *Id.* at 1862; *see also Williams*, 829 F.3d at 123 (recognizing that the framework set
forth in *Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) and *Hemphill v. New York*, 380
F.3d 680 (2d Cir. 2004), setting forth a "special circumstances" exception to the PLRA's
exhaustion requirement has been abrogated in part by *Ross*).  As such, the Supreme Court
specifically found that an inmate's mistaken belief that he has exhausted his administrative
remedies, even where that belief seems reasonable, does not make the administrative remedy
unavailable.  *See id.* at 1858.

administrative remedies.  Therefore, after *de novo* review, the Court concludes that Plaintiff was not excused from exhausting his administrative remedies prior to bringing this action in federal court.  As it is undisputed that Plaintiff did not exhaust his administrative remedies, the Court adopts Magistrate Judge Stewart's Report-Recommendation and Order.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 82) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 44) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 14, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge